UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Risha DeLawter,<br><br>    Plaintiff,<br><br>– against–<br><br>Synchrony Bank and Experian Information Solutions, Inc.,<br><br>    Defendant(s). | Civil Action No. 4-21-cv-61<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Risha DeLawter (hereinafter "DeLawter"), by and through her attorneys, Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of her Complaint against Synchrony Bank ("Synchrony") and Experian Information Solutions, Inc. ("Experian") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting a consumer's credit information to credit reporting agencies.

## PARTIES

2. DeLawter is an adult citizen of Mitchell, Lawrence County, Indiana.

3. DeLawter is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

1

4. Synchrony is a corporation with its principal place of business located at 777 Long Ridge Road, Stamford, Connecticut, and it furnishes consumer credit information to consumer reporting agencies. Synchrony regularly conducts business with consumers in Indiana, including DeLawter.

5. Experian is a corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa. California, and it engages in the business of maintaining and reporting consumer credit information. Experian regularly conducts business in Indiana.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to DeLawter's claims occurred in Mitchell, Lawrence County, Indiana.

## FACTUAL ALLEGATIONS

8. Synchrony issued to DeLawter an account ending in 4176. The account was routinely reported on DeLawter's consumer credit report.

9. The consumer report at issue is a written communication of information concerning DeLawter's credit worthiness, credit standing, credit capacity,

character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about December 06, 2019, DeLawter and Synchrony entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as <u>Exhibit A</u>.

11. Pursuant to the terms of the settlement, DeLawter was required to make monthly payments totaling $1,459.70 to settle and close her Synchrony account.

12. DeLawter, via her debt settlement representative, timely made the requisite settlement payments.

13. However, over half a year later, DeLawter's Synchrony account continued to be negatively reported.

14. In particular, on a requested credit report dated September 30, 2020, DeLawter's Synchrony account was reported with a status of "CHARGE OFF", a balance of $3,864.00, and a past due balance of $3,864.00. The relevant portion of DeLawter's credit report is attached hereto as <u>Exhibit B</u>.

15. This trade line was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16. On or about December 29, 2020, DeLawter, via her attorney at the time, notified credit reporting agencies directly of a dispute with completeness and/or

accuracy of the reporting of DeLawter's Synchrony account. A redacted copy of the dispute letter is attached hereto as <u>Exhibit C.</u>

17. Therefore, DeLawter disputed the accuracy of the derogatory information reported by Synchrony to Experian, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In April of 2021, DeLawter requested an updated credit report for review. The tradeline for DeLawter's Synchrony account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the April 2021 credit report is attached hereto as <u>Exhibit D</u>.

19. Experian did not notify Synchrony of the dispute by DeLawter in accordance with the FCRA, or alternatively, did notify Synchrony and Synchrony failed to properly investigate and delete the tradeline or properly update the tradeline on DeLawter's credit report.

20. If Synchrony had performed a reasonable investigation of DeLawter's dispute, her Synchrony account would have been updated to reflect a "settled" status with a balance of $0.00.

21. Despite the fact that Synchrony has promised through its subscriber agreements or contracts to accurately update accounts, Synchrony has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on DeLawter's credit report.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of DeLawter's credit information and her credit reports, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff, DeLawter, herein.

## **CLAIM FOR RELIEF**

25. DeLawter reasserts and incorporates herein by reference all facts and allegations set forth above.

26. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. Synchrony is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Synchrony is reporting inaccurate credit information concerning DeLawter to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. DeLawter notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

30. Synchrony failed to complete an investigation of DeLawter's written dispute and provide the results of an investigation to DeLawter and the credit bureau within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. Synchrony failed to promptly modify the inaccurate information on DeLawter's credit report in violation of 15 U.S.C. § 1681s-2(b).

32. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate DeLawter's disputes.

33. Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of DeLawter's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, DeLawter suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Defendants are liable to DeLawter for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff, Risha DeLawter, demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, Risha DeLawter, demands a trial by jury in this action of all issues so triable.

Respectfully Submitted,

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

/s/ Diana Bauer
Diana Bauer, Esq.  #11906-64
429 E. Dupont Road #175
Fort Wayne, IN 46825
Phone: (260) 414-5582
Email: diana.b@gitmeidlaw.com
*Attorney for Plaintiff*